IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KIANA L. SMITH,                    )
                                   )        No. 3:13-0081
v.                                 )        Magistrate Judge Holmes
                                   )
NANCY BERRYHILL,[1]                )
Acting Commissioner of Social Security,  )

## M E M O R A N D U M

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), as provided under Title II and Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded (Docket Entry No. 13). Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry No. 16). This action is before the undersigned for all further proceedings pursuant to the consent of the parties and referral of the District Judge in accordance with 28 U.S.C. § 636(c) (Docket Entry No. 21).

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

---

[1]Nancy Berryhill became acting Commissioner for the Social Security Administration on January 23, 2017, and is therefore substituted as defendant. *See* Fed. R. Civ. P. 25(d).

# I. INTRODUCTION

Plaintiff filed applications for a period of disability, DIB, and SSI on July 7, 2009. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 55-58.[2] She alleged a disability onset date of May 28, 2009. AR 13, 33. Plaintiff asserted that she was unable to work because of left knee pain. AR 55-58.

Plaintiff's applications were denied initially and upon reconsideration. AR 55-62. Upon her request for a hearing before an Administrative Law Judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Brian Dougherty on August 12, 2011. AR 28. On September 9, 2011, the ALJ denied the claim. AR 10-12. On December 21, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on September 9, 2011. AR 10. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since May 28, 2009, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

---

[2]The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

3. The claimant has the following severe impairments: chronic degenerative changes in the left knee and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk less than 2 hours out of 8 hours; sit 8 hours out of 8 hours; occasionally reach with the right upper extremity; occasionally climb ramp/stairs; never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl; avoid temperature extremes and vibrations; and tolerate occasional exposure to pulmonary irritants. She requires a cane for ambulation and cannot walk on uneven surfaces. She is restricted to simple tasks, occasional interaction with public, frequent interaction with supervisors and co-workers, and changes should be infrequent and gradual.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant, born on October 29, 1977, was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school (13 years) education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a "disability" as defined in the Social Security Act from May 28,2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 15-21.

# III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will therefore discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d

337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

## B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12–month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and

nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028–29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88–89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969–70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

## C. The ALJ's Five–Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16. At step four, the ALJ found that Plaintiff cannot return to past relevant work. AR 20. At step five, the ALJ found that Plaintiff's RFC allowed her to perform sedentary work with certain limitations as set out in the ALJ's findings, and that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 17, 21.

## D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: (1) failing to give proper weight to the opinion of Plaintiff's treating physician; (2) failing to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p; (3) not properly evaluating and assessing Plaintiff's credibility as required by SSR 96-7p; and (4) failing to inquire as to whether the VE testimony was consistent with SSR 00-4p. DE 12-1 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by a different ALJ. *Id*. at 14.

8

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. Whether the ALJ gave proper weight to the opinion of Plaintiff's treating physician.**

Citing Social Security Ruling ("SSR") 96-2p, Plaintiff asserts that the ALJ violated regulations and relevant case law by failing to provide "good reasons" for rejecting the portions of the opinion of Dr. John Clardy, one of Plaintiff's treating physicians, that were not credited and not incorporated into the ALJ's RFC determination. DE 12-1 at 9. In response, Defendant contends that the ALJ properly credited Dr. Clardy's opinion to the extent that it is consistent with the ALJ's RFC finding. DE 13 at 8.

SSR 96-2p provides, in pertinent part, as follows:

> 6. If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.

7. A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator.

. . . .

Paragraph (d)(2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s). Therefore:

When the determination or decision:

* is not fully favorable, e.g., is a denial; or

* is fully favorable based in part on a treating source's medical opinion, e.g., when the adjudicator adopts a treating source's opinion about the individual's remaining ability to function;

the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

1996 WL 374188, at *1, 5 (S.S.A. July 2, 1996).

On February 4, 2011, Dr. Clardy completed a Medical Source Statement ("MSS"), in which he opined that Plaintiff was limited to sitting for eight hours, standing 30-60 minutes and walking for 15 minutes during an eight-hour workday; lifting up to 20 pounds occasionally and 10 pounds frequently; carrying 10 pounds occasionally and no weight frequently; occasional use of the right hand for reaching, handling, fingering, feeling, and pushing/pulling; occasional climbing of stairs and ramps; never climbing ladders or scaffolds, balancing, stooping, kneeling, crouching, or crawling; avoiding unprotected heights, moving mechanical parts, operating a motor vehicle, temperature extremes, and vibrations; and tolerating occasional exposure to humidity and wetness

and pulmonary irritants. AR 447-52. Dr. Clardy also opined that the use of a cane was medically necessary for ambulation and that without a cane Plaintiff was unable to use her free hand to carry small objects. AR 448.

In weighing Dr. Clardy's opinion, the ALJ stated that "[t]he opinion of Dr. Clardy has been considered and is credited insofar as it is consistent with the residual functional capacity outlined above." AR 19. After careful consideration of the entire record, the ALJ determined that:

> the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk less than 2 hours out of 8 hours; sit 8 hours out of 8 hours; occasionally reach with the right upper extremity; occasionally climb ramp/stairs; never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl; avoid temperature extremes and vibrations; and tolerate occasional exposure to pulmonary irritants. She requires a cane for ambulation and cannot walk on uneven surfaces. She is restricted to simple tasks, occasional interaction with public, frequent interaction with supervisors and co-workers, and changes should be infrequent and gradual.

AR 17.

Plaintiff asserts that based solely on the standing/walking limitations Dr. Clardy limited Plaintiff to a sedentary RFC, but that Plaintiff's additional restrictions limit her to "a less-than-sedentary RFC." DE 12-1 at 8. Citing SSR 96-9p, Plaintiff contends that the additional limitation of no stooping would result in a less-than-sedentary RFC and that the limitation on the use of her right hand in combination with a sedentary RFC would significantly erode the sedentary job market. *Id*. at 8-9. Plaintiff contends that the ALJ erred by failing to provide any reasons for rejecting these additional limitations that result in a less-than-sedentary RFC. *Id*. at 10.

The purpose of SSR 96-9p is to emphasize the following:

> 1. An RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare.

2. However, a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

1996 WL 374185, at *1 (S.S.A. July 2, 1996). SSR 96-p states that "a finding of 'disabled' usually applies when the full range of sedentary work is significantly eroded." *Id*. at *3.

As to stooping, SSR 96-9p provides:

An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.

*Id*. at *8 (emphasis in original).

Here, as contemplated by SSR 96-9p, the ALJ consulted a vocational expert ("VE") and presented a hypothetical to the VE that described a sedentary worker with certain restrictions, including the restriction that Plaintiff could "occasionally climb stairs but no other postural activity." AR 45. The VE identified three jobs that Plaintiff could perform, assembler (Dictionary of Occupational Titles ("DOT") listing no. 734.687-018), finisher (DOT listing no. 731.687-014), and table worker (DOT listing no. 739.687-182). AR 45-47. Further, the DOT listings for each of these occupations provide, "Stooping: Not Present - Activity or condition does not exist." Thus, under SSR 96-9p the ALJ properly consulted with the VE and relied upon the VE's testimony that Plaintiff would be able to perform the three identified jobs. *Lauer v. Apfel*, 169 F.3d 489, 493 (7th Cir. 1999) ("There is no basis to assert that SSR 96-9p requires a finding of disability in cases where a claimant

is unable to stoop."); *Adams v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-01788, 2014 WL 4594738, at *15 (N.D. Ohio Sept. 15, 2014) ("SSR 96-9p does not compel a finding of disability where there is a limitation of no stooping."); *Campbell v. Comm'r of Soc. Sec.*, No. 08-11651, 2009 WL 2777718, at *4 (E.D. Mich. Aug. 27, 2009) ("Even if the ALJ found Plaintiff lacked the ability to stoop, it does not follow that Social Security Ruling 96-9p requires a finding of disabled.").

Plaintiff argues that, although the plain language of SSR 96-9p states that where an individual is limited to less than occasional stooping, consultation with a VE may be helpful, she was restricted to "never stooping" and, thus, "the gray area which involves a limitation to less than occasional stooping but where an individual can perform some stooping is not at issue." DE 16 at 3. Plaintiff contends that, because Plaintiff was limited to never stooping, the unskilled sedentary job base is eroded. *Id*.

However, "[t]he language 'less than occasional' is an upper limit. It includes both an ability to stoop rarely and no ability to stoop at all." *Lauer*, 169 F.3d at 492. The ALJ therefore properly relied on the testimony of the VE, who identified jobs Plaintiff could perform. *Adams*, 2014 WL 4594738, at *16 (citing *Mullens v. Barnhart*, 165 F. App'x 611, 614–615 (10th Cir. 2006) ("the Commissioner's factual findings were supported by substantial evidence where the VE provided testimony regarding the availability of sedentary jobs that required no stooping")); *Rosado v. Comm'r of Soc. Sec.*, No. 4:10-CV-1497, 2011 WL 5434087, at *4 (N.D. Ohio Nov. 8, 2011).

As to manipulative limitations, SSR 96-9p states:

> Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

> Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base.

1996 WL 374185, at *8 (emphasis in original). However, "[w]hen the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource." *Id*.

Dr. Clardy did not provide significant manipulative limitation as to Plaintiff's ability to handle and work with small objects with both hands. Plaintiff also testified at the hearing in front of the VE that she did not have any limitations with her hands or arms. AR 40, 43. As contemplated by SSR 96-9p, the ALJ presented a hypothetical to the VE that described a sedentary worker with the additional restriction that Plaintiff could "only occasionally engage in reach with the right hand due to the cane; need to use to brace with the cane." AR 45. For the reasons stated previously, under SSR 96-9p the ALJ properly relied upon the VE's testimony that Plaintiff would be able to perform the three identified jobs.

The RFC essentially adopts Dr. Clardy's opinion, reflecting that Plaintiff was capable of sedentary work. Plaintiff's attorney acknowledged that Dr. Clardy basically opined that Plaintiff could perform sedentary work. AR 34. The ALJ considered the Plaintiff's limitations of no stooping and the use of her right hand and, pursuant to SSR 96-9p, properly relied upon the VE's testimony that Plaintiff would be able to perform the three identified jobs. The ALJ's findings were consistent with Dr. Clardy's findings. Accordingly, the Court finds the ALJ's decision is supported by substantial evidence.

**2. The ALJ'S RFC assessment.**

Plaintiff contends that the ALJ violated SSR 96-8p by failing to include a function-by-function assessment as part of the RFC evaluation. DE 12-1 at 10. Plaintiff generally argues that "the ALJ failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which were well-documented in the record." *Id*. at 11.

SSR 96-8p provides that the "RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." 1996 WL 374184, at *3 (S.S.A. July 2, 1996). The RFC assessment must address an individual's exertional and nonexertional capacities. *Id*. at *5. Exertional capacity involves seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling, which must each be considered separately. *Id*. Nonexertional capacity involves "an individual's abilities to perform physical activities such as postural (e.g., stooping, climbing), manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding and remembering instructions and responding appropriately to supervision)," as well as, the ability to tolerate various environmental factors (e.g., tolerance of temperature extremes)." *Id*. at *6. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. at *7. In assessing the RFC, the ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis" and "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*.

The Sixth Circuit has stated that while "SSR 96-8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (citing *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (table), No. 00-1995 (3d Cir. Dec. 19, 2000)). Further, "'[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing,'" as there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48 (internal citation omitted). The ALJ is required only to explain "'how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Id*. at 548 (citation omitted).

The ALJ provided a lengthy RFC analysis. AR 17-20. Plaintiff does not cite any medical records in support, nor does she reference any specific symptoms overlooked by the ALJ. As discussed previously, the ALJ properly considered Dr. Clardy's opinion in his analysis. Accordingly, based upon the record, the Court concludes that the ALJ's RFC analysis was proper and rejects this assertion of error.

### 3. The ALJ's credibility determination.

Plaintiff argues that "the ALJ merely stated that he used the criteria outlined in SSR 96-7p in reaching his decision, rather than specifically stating the weight he gave to the claimant's statements and the reasons for that weight as is required by SSR 96-7p." DE 12-1 at 12.[3] Plaintiff

_____

[3]SSR 96-7p was superseded by SSR 16-3p, which became effective on March 28, 2016. Because Plaintiff filed her complaint in February 2013, however, SSR 96-7p applies to the Court's analysis of this claim.

cites portions of SSR 96-7p, which state, in part, that the ALJ's credibility determination must do more than "simply . . . recite the factors that are described in the regulations for evaluating symptoms," and that the ALJ is not permitted to "make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" DE 12-1 at 11-12 (citing SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996)).

"In making a credibility determination, Social Security Ruling 96-7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (citing SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996)). "Social Security Ruling 96-7p . . . requires the ALJ explain his credibility determinations in his decision such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Rogers*, 486 F.3d at 248. "'[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.'" *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir.2009) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997)). An ALJ's "credibility findings are virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citing *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112–13 (6th Cir. 2010)).

The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 17. The ALJ noted that Plaintiff was prescribed physical therapy, but that she only attended one session on August 13, 2009, before being discharged on August 27, 2009, for non-compliance with treatment. AR 18. *See Popp v. Comm'r of Soc. Admin.*, No. 2:15-CV-2977, 2017 WL 73943, at *6 (S.D. Ohio Jan. 9, 2017), *report and recommendation adopted sub nom. Popp v. Colvin*, No. 2:15-CV-2977, 2017 WL 815101 (S.D. Ohio Mar. 2, 2017) ("[I]t is entirely proper for an ALJ to rely on noncompliance with physical therapy as a factor in determining credibility and supporting a finding of 'not disabled.'"). Similarly, as to her mental health treatment, the ALJ noted that in February 2011, Plaintiff's therapist reported that Plaintiff was non-compliant in attending individual therapy. AR 19.

Further, the ALJ noted that on October 21, 2009, Dr. Stanton reported that Plaintiff had normal full range of motion in her left knee, with mild diffuse tenderness and no crepitus or effusion, and that on December 28, 2009, Dr. Stanton reported that Plaintiff had normal full range of motion in her left knee, with no effusion or crepitus. AR 18. The ALJ also noted that Dr. Clardy reported that imaging studies of the left knee were normal. AR 18. Dr. Devries, an orthopedist, reported in August 2010 that, although Plaintiff reported experiencing pain, MRI of the left knee was unremarkable; Plaintiff's left knee had full range of motion and no effusion, although there was tenderness anteriorly and crepitus to motion in the patellofemoral region. AR 18, 371. As previously discussed, the ALJ considered the opinion of Dr. Clardy in determining Plaintiff's RFC. Further, the ALJ noted that Plaintiff did not show any side effects from prescribed medication that caused significant limitations of function that lasted for a period of 12 months; rather Plaintiff received good results from medications when taken as prescribed on a consistent basis. AR 20.

18

Accordingly, based upon the record, the Court concludes that the ALJ's findings were supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) ("As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess: 'If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.'") (citation omitted).

**4. Whether the ALJ failed to inquire if the VE testimony was consistent with SSR 00-4p.**

In his decision, the ALJ stated, "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the <u>Dictionary of Occupational Titles</u> (DOT)." AR 21. Plaintiff asserts that at the hearing the ALJ did not inquire if the VE's testimony was consistent with the DOT as required by SSR 00-4p and that the VE did not state that his testimony was consistent with the DOT. DE 12-1 at 12-13. Plaintiff asserts that the only jobs identified in the ALJ's decision were sedentary jobs, but that under SSR 96-9p the additional limitation of no stooping would result in a less-than-sedentary RFC. *Id*. at 13. Plaintiff therefore contends that the ALJ failed to comply with SSR 00-4p by not asking the VE whether there were any conflicts between his testimony and the DOT and by failing to ask the VE why his testimony differed from SSR 96-9p. *Id*.

SSR 00-4p provides, in relevant part, the following:

When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:

Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and

> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

2000 WL 1898704, at *4 (S.S.A. December 4, 2000). An ALJ's duty is satisfied "if he or she asks the VE whether his or her testimony is consistent with the DOT." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013) (citing *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)).

Here, the ALJ failed to question the VE whether his testimony was consistent with the DOT. However, the ALJ's failure to make such an inquiry was harmless as Plaintiff fails to show an actual conflict between the VE's testimony and the DOT. *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 436 (6th Cir. 2016) ("[A]n ALJ's failure to inquire about a nonexistent conflict is necessarily harmless . . . ."); *Johnson*, 535 F. App'x at 508 (citing *Poppa v. Astrue*, 569 F.3d 1167, 1174 (10th Cir. 2009) ("finding 'the ALJ's error in not inquiring about potential conflicts [to be] harmless' where no conflicts existed between the VE's testimony and the DOT's job descriptions")); *Baldwin v. Comm'r of Soc. Sec.*, No. 3:13-CV-389, 2015 WL 4540436, at *4-5 (S.D. Ohio Feb. 24, 2015); *Kerr v. Comm'r of Soc. Sec.*, No. 2:13-CV-457, 2014 WL 4243771, at *3 (S.D. Ohio Aug. 26, 2014) ("[W]here the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00-4p's inquiry requirement constitutes harmless error.").

SSR 96-9p does not mandate a finding of disability where there is a limitation of no stooping, but states that sedentary jobs will "usually" be unavailable. SSR 96-9p, 1996 WL 374185, at *8; *see Lauer*, 169 F.3d at 493 ("There is no basis to assert that SSR 96-9p requires a finding of disability in cases where a claimant is unable to stoop."); *Adams*, 2014 WL 4594738, at *15 ("SSR 96-9p does not compel a finding of disability where there is a limitation of no stooping."); *Campbell*, 2009 WL

2777718, at *4 ("Even if the ALJ found Plaintiff lacked the ability to stoop, it does not follow that Social Security Ruling 96-9p requires a finding of disabled."). As previously discussed, the ALJ properly consulted with the VE where Plaintiff was "limited to less than occasional stooping" and relied on the VE's testimony, as permitted by SSR 96-9p. Further, for each job category described by the VE, the VE referred to that job's corresponding DOT code at the sedentary level. AR 43-47. The DOT listings for the three jobs identified by the VE each provide, "Stooping: Not Present - Activity or condition does not exist." For these reasons, Plaintiff fails to show that an actual conflict exists between the VE's testimony and the DOT, and any error in this regard is harmless. *Stewart v. Comm'r of Soc. Sec.*, No. 07-15022, 2009 WL 877718, at *12 (E.D. Mich. Mar. 30, 2009); *see Creque v. Astrue*, No. 4:10-CV-1528, 2011 WL 4054859, at *6 (N.D. Ohio Aug. 18, 2011), *report and recommendation adopted*, No. 4:10-CV-1528, 2011 WL 4043786 (N.D. Ohio Sept. 12, 2011) (finding that the ALJ's written opinion, reflecting that the VE's testimony was consistent with the DOT, persuasive that the ALJ did not view the VE's testimony as contradicting the DOT).

Further, Plaintiff's counsel at the hearing did not question the VE regarding any inconsistencies between the VE's testimony and the DOT. "The ALJ is not required to affirmatively 'conduct an independent investigation into the testimony of witnesses to determine if they are correct.'" *Johnson*, 535 F. App'x at 508 (citation omitted); *Creque v. Astrue*, No. 4:10-CV-1528, 2011 WL 4054859, at *6 (N.D. Ohio Aug. 18, 2011), *report and recommendation adopted*, No. 4:10-CV-1528, 2011 WL 4043786 (N.D. Ohio Sept. 12, 2011).

Accordingly, because the Court does not find any conflict between the DOT and the VE's testimony, the Court concludes that the ALJ's failure to inquire as to a conflict is harmless.

Substantial evidence supports the ALJ's determination that a significant number of jobs exist in the national economy that Plaintiff can perform.

## V. CONCLUSION

For all of the above reasons, Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12) is **DENIED**. An appropriate Order will accompany this memorandum.

BARBARA D. HOLMES
United States Magistrate Judge